Edward R. TARANTINO, Appellant,

v.

Sgt. J. EGGERS and Officer J. Mourning,
Appellees.

No. 21538.

United States Court of Appeals
Ninth Circuit.

June 27, 1967.

Edward R. Tarantino in pro. per.

Daniel L. Dintzer, Robert Vallier, Los Angeles, Cal., for appellees.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM:

Edward R. Tarantino, proceeding pro. per. and in forma pauperis, brought this civil rights action against J. F. Eggers, J. R. Mourning and Vera Krupp. The trial court granted the motion of Vera Krupp to dismiss the action for failure to state a claim, and Tarantino has not perfected an appeal therefrom. The trial court also granted the motion of defendants Eggers and Mourning for summary judgment in their favor. Such a judgment was entered and Tarantino appeals.

Tarantino alleged in his complaint that, on August 31, 1964, while acting under color of their authority as police officers of the City of Beverly Hills, California, Eggers and Mourning forced their way at gun point into Tarantino's Los Angeles apartment and placed him under arrest. Immediately afterwards, Tarantino alleged, these officers searched him and made a general search of his apartment, as a result of which they seized various articles and $1,000 in cash. Tarantino alleged that, at this time, Eggers and Mourning did not have an arrest warrant or a search warrant, and did not have reasonable cause to arrest him.

Tarantino further alleged in his complaint that, following this arrest and seizure, Eggers and Mourning took him out of Los Angeles and to the jail in the City of Beverly Hills. According to the complaint, Tarantino was there imprisoned incommunicado and deprived of the assistance of counsel. Tarantino alleged that Eggers and Mourning then returned to the vicinity of plaintiff's residence where they made a warrant-less search of his parked automobile and took $10,000 in cash from the trunk of that vehicle. Tarantino alleged that this money was not the fruits of a crime but had been obtained by him under the terms of a negotiable instrument issued on August 14, 1964 in Las Vegas, Nevada. Tarantino further alleged that none of the money or property seized as described above, has been returned to him.

Eggers and Mourning filed an answer denying the critical allegations of the complaint, except that they admitted that they had arrested Tarantino and had taken him to the jail in the City of Beverly Hills. They further alleged that certain of Tarantino's personal property had been impounded, inventoried and deposited with the City of Beverly Hills police department as evidence in a criminal case.

This answer also contains two affirmative defenses. One was to the effect that, at the time they arrested Tarantino, Eggers and Mourning had probable cause to believe that he was a member of a robbery gang which had participated in several crimes in the City of Beverly Hills, including a robbery of Herbert and Hazel Kronish at 9201 Wilshire Boulevard. The other affirmative defense was to the effect that in making the arrest and searches, Eggers and Mourning used no more force than was reasonably necessary under the circumstances. Any injuries or damages sustained by Tarantino, these two defendants alleged, were caused solely by his own wrongful acts and misconduct.

On October 4, 1966, Eggers and Mourning filed a motion for a summary judgment and a notice that the motion would be heard on October 10, 1966. The motion was made on the ground that the action "has no merit" because Eggers and Mourning at all times acted legally and properly in arresting Tarantino, making the searches, and seizing and assuming control over Tarantino's property and cash. The motion was based upon the pleadings and records, and the affidavits of Eggers and Mourn-

ing attached to the motion for summary judgment.

In their affidavits, Eggers and Mourning made the following allegations in addition to those contained in their answer: previous to his arrest, Tarantino had been positively identified by two persons, interrogated by the City of Beverly Hills police department as having engaged in an armed robbery. The arrest was made with the assistance of two Los Angeles police department officers. Tarantino's automobile was parked only twenty feet from his residence. He had just arrived in that automobile before the arrest was made. In addition to cash, the vehicle contained six loaded guns, all hidden from view. Tarantino was tried and convicted on charges related to this arrest, and is now serving a prison sentence for that crime. The money seized from Tarantino's apartment and automobile has been transferred to the Los Angeles police department to facilitate action on claims. The arrest of Tarantino solved robberies and burglaries involving more than a million dollars.

Not having received any response to this motion for summary judgment by October 13, 1966, the trial court on that date entered "Findings of Fact and Conclusions of Law," and a summary judgment dismissing the action as to Eggers and Mourning. In the "Findings of Fact," the trial court appears to have accepted the allegations of Eggers and Mourning on all phases of the case.

Tarantino's reply to the motion for a summary judgment is dated October 15, 1966, and was filed October 20, 1966. In this reply, made under oath, Tarantino made detailed factual allegations contrary to many of those contained in the motion for summary judgment and supporting affidavits. Among other things, Tarantino quoted from the transcript of the preliminary hearing, testimony tending to indicate that, at the time of the arrest, Eggers and Mourning had no information from the City of Beverly Hills police department concerning Tarantino's connection with crimes;

testimony indicating that no members of the Los Angeles police department were present at the time of the arrest; and testimony that Tarantino's automobile was parked about 150 feet from his apartment, instead of twenty feet. Tarantino also realleged most of the allegations of his complaint.

On the day that this response to the motion for summary judgment was filed it was "overruled and denied" by the trial court for the reason that summary judgment had been granted a week earlier. On November 2, 1966, Tarantino moved for reconsideration, asking for an evidentiary hearing. This motion was denied.

On this appeal, Tarantino urges that the trial court erred in granting the motion for summary judgment because Tarantino was not given an opportunity to respond thereto before the court acted. Eggers and Mourning make no response to this argument.

■ The motion for summary judgment and accompanying papers were filed on October 4, 1966, at a time when Tarantino was a state prisoner at Represa, California. The affidavit of service attached to the motion was executed and notarized on October 4, 1966. However, the place therein to indicate the date on which mail service was made, was left blank. Assuming that service was made on that date, the date on which the motion was noted for hearing— October 10, 1966—and the date on which the judgment was entered—October 13, 1966—did not allow Tarantino a reasonable time within which to make a response.

■ Rule 3(d) of the Rules of the United States District Court for the Southern District of California, now Central District of California, revised November 1, 1965, provides that each party opposing a motion or other application shall, within five days after service of the motion upon him, serve and file his response thereto. Tarantino's response was not filed within that time limit. But when the party opposing

such a motion is a prison inmate and, as here, makes as prompt a response as may reasonably be expected under the circumstances, the strict time limits of the rule ought not to be insisted upon.

The proper course here would have been to vacate the findings, conclusions and summary judgment, permit the filing of the response, and reconsider the motion in the light of such response. If, in the light of such response, there was a genuine issue as to any material fact, then Rule 56(c), Federal Rules of Civil Procedure precludes disposition by summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.