**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Larry FLYNT, Defendant-Appellant.**

**No. 84–5041.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1985.

William L. Webber, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Alan L. Isaacman, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendant-appellant.

Before FLETCHER and REINHARDT, Circuit Judges.

The opinion in this case, filed March 28, 1985, 756 F.2d 1352, is hereby amended. The second paragraph of footnote 13 shall be deleted and replaced with the following paragraph:

In addition, we note that had proper procedures been followed, the plenary adjudication of Flynt's contempt charges would have taken place before another judge since Flynt's remarks constituted highly personal derogatory attacks leveled at Judge Real. Where plenary adjudication is appropriate, and where the alleged contempt has in it the element of personal attack, due process ordinarily requires that the defendant be tried before a judge other than the one reviled by the contemnor. *See Mayberry v. Pennsylvania,* 400 U.S. 455, 466 [91 S.Ct. 499, 505, 27 L.Ed.2d 532] (1971); *Taylor v. Hayes,* 418 U.S. [488] at 501 [94 S.Ct. 2697 at 2704, 41 L.Ed.2d 897]; *cf.* Fed.R.Crim.P. 42(b).