972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David BELL, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE; Dick L. Huff; Emil P.
Moschella, Defendants-Appellees.
 No. 90-56006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 25, 1992.
 
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB, District Judge.**
 MEMORANDUM***
 David Bell appeals the district court's grant of summary judgment in his action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We reverse and remand.
 Bell is an incarcerated, pro se litigant. The district court was required, " 'as a bare minimum, [to provide] him with fair notice of the requirements of the summary judgment rule.' " Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988) (quoting Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C.Cir.1968)). "It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affadavits [sic], so that not submitting counter affadavits is the equivalent of not presenting any evidence at trial." Jacobsen v. Filler, 790 F.2d 1362, 1364 n. 4 (9th Cir.1986) (internal quotation omitted; ellipses in original); see also id. at 1365 n. 8 (unclear what is required to constitute "sufficient" warning). "Moreover, 'strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quoting Tarantino v. Egers, 380 F.2d 465, 468 (9th Cir.1967)) (alteration in original). The district court therefore erred by granting summary judgment to Defendants without providing Bell with warning concerning the consequences of a summary judgment motion.
 Furthermore, a FOIA case is unique in that "only the party opposing disclosure will have access to all the facts." Wiener v. FBI, 943 F.2d 972, 977 (9th Cir.1991), cert. denied, 112 S.Ct. 3013 (1992). Thus, a government agency withholding documents must provide a so-called Vaughn index containing "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Id. Such an index gives the FOIA requester a "meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding. The index thus functions to restore the adversary process to some extent, and to permit more effective judicial review of the agency's decision." Id. at 977-78 (citation and internal quotation omitted). The affidavit relied upon by the government below is precisely the type of categorical response, untailored to the particular request and the particular documents at issue, that we rejected in Wiener. Id. at 978-79. Accordingly, we also reverse the district court's grant of summary judgment on the merits.[1]
 On remand, the district court shall allow Bell to file an amended complaint and evaluate any evidence proffered by Defendants in light of Wiener.
 REVERSED AND REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion on the propriety of the dismissal of Defendants Huff and Moschella because Bell's argument on appeal focused on the district court's procedural errors in granting summary judgment and did not address the merits of the dismissal of these two Defendants