**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Byron Lawrence AYERS,
Defendant–Appellant.**

No. 01–50560.
D.C. No. CR–01–00286–MLR–01.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2002 *.

Decided June 18, 2002.

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Byron Lawrence Ayers appeals his conviction and sentence for entering a bank with the intent to commit a felony. *See* 18 U.S.C. § 2113(a). We reverse.

We agree with Ayers that the district court erred when it refused to allow a half-day continuance so that Ayers' mental health expert could testify. *See United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000), *cert. denied,* 531 U.S. 1200, 121 S.Ct. 1208, 149 L.Ed.2d 122 (2001); *United States v. Flynt,* 756 F.2d 1352, 1358–59 (9th Cir.), *amended by* 764 F.2d 675 (9th Cir.1985); *see also Smith v. Ford Motor Co.,* 215 F.3d 713, 722 (7th Cir.2000). It also erred when it excluded all testimony from witnesses who had seen Ayers' behavior at the Metropolitan Detention Center in Los Angeles in the weeks following the offense. *See United States v. Ives,* 609 F.2d 930, 932–33 (9th Cir.1979). Moreover, it erred when it answered a jury question by stating that there was no evidence of Ayers' mental capacity for the jury to consider. In fact, his behavior at and after the offense could be considered. *See United States v. McIver,* 186 F.3d 1119, 1130 (9th Cir.1999); *United States v. Hartfield,* 513 F.2d 254, 260 (9th Cir.1975) *abrogated on other*

*grounds by United States v. Sneezer,* 900 F.2d 177 (9th Cir.1990). The concatenation of all of these errors deprived Ayers of his only defense—lack of mental capacity to form the specific intent required for conviction of the offense in question. Thus, reversal of his conviction is required.[1] *See Thomas v. Hubbard,* 273 F.3d 1164, 1179–80 (9th Cir.2001); *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996).

REVERSED and REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we overturn the conviction, we do not consider the alleged sentencing errors.