**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Osborne REYNOLDS, Defendant—Appellant.**

No. 01–10529.

D.C. No. CR–00–05346–MDC.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 13, 2002.*

Decided Sept. 30, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and REED,** District Judge.

### MEMORANDUM ***

The district court did not abuse its discretion by refusing to continue the trial. Reynolds has demonstrated only minimal prejudice and has offered no other ground to find an abuse of discretion. *See United States v. Flynt,* 756 F.2d 1352, 1358–62 (9th Cir.), *amended on other grounds,* 764 F.2d 675 (9th Cir.1985).

The court did not plainly err by admitting into evidence Reynolds's statement, "I was in possession of firearms." The statement's probative value outweighed any unfair prejudice, *see* Fed.R.Evid. 403, and Reynolds was free to argue to the jury that he had misspoken or that the transcript was inaccurate.

The investigatory notes the government turned over to Reynolds during the trial were not *Brady* material because they were not exculpatory. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Any Jencks Act violation was cured when the court gave Reynolds an opportunity to recall witnesses.

Reynolds's constitutional arguments are foreclosed by circuit precedent. *See Unit-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*ed States v. Hinostroza,* 297 F.3d 924, 927 (9th Cir.2002); *United States v. Summers,* 268 F.3d 683, 688–89 (9th Cir.2001); *United States v. Rousseau,* 257 F.3d 925, 932–33 (9th Cir.2001).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

