George **HAMILTON**, Plaintiff—Appellant,

v.

Bill **WITTMAN**; et al., Defendants—Appellees.

No. 02–15775.

D.C. No. CV–95–06120–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

George Hamilton, a California state prisoner, appeals pro se the district court's summary judgment for prison officials in his civil rights action under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review Hamilton's procedural challenges for abuse of discretion, *see McElyea v. Babbitt*, 833 F.2d 196, 199 (9th Cir.1987), and we affirm.[1]

Hamilton contends that the district court abused its discretion by granting summary judgment without first: (1) granting him a fourth extension of time to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Because Hamilton has not raised any issues regarding the decision on the merits of his constitutional claims, these issues are waived on appeal. *See Cooper v. Calderon*, 255 F.3d 1104, 1111–12 (9th Cir.2001).

file an opposition; (2) ruling on his third motion for appointment of counsel; and, (3) granting him leave to file a third-party complaint. These contentions lack merit.

Although the district court granted Hamilton three continuances, he failed to file an opposition to defendants' motion for summary judgment. Moreover, when the district court ruled on the motion, Hamilton did not have a pending motion for extension of time. Accordingly, the district court did not abuse its discretion by ruling on the motion for summary judgment without Hamilton's opposition. *Cf. McElyea*, 833 F.2d at 199; *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended on other grounds*, 764 F.2d 675 (1985) ("We do not find [an] abuse of discretion unless, after carefully evaluating all the relevant factors, we conclude that the denial was arbitrary or unreasonable.").

Because the district court denied Hamilton's two previous requests for appointment of counsel, it was not an abuse of discretion to rule on the summary judgment motion without explicitly ruling on Hamilton's third motion for appointment of counsel. *Cf. McElyea*, 833 F.2d at 199. Finally, the district court did not abuse its discretion by denying Hamilton leave to file a third-party complaint against prison officials at his current place of confinement. *See* Fed.R.Civ.P. 14(b) (stating that a plaintiff may add a third party when a counterclaim has been asserted).

We deny Hamilton's second request for an extension of time to file a reply brief.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.