Gust Marion JANIS, Plaintiff–
Appellant,

v.

John ASHCROFT, Attorney General;
Kathleen M. Hawk–Sawyer, Director;
O. Ivan White; Robert M. Haro; R.L.
Matthews; David Rardin, Directors.
Defendants–Appellees.

No. 02–55894.
D.C. No. CV–01–7101–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2003.[*]

Decided April 2, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gust Marion Janis, U.S. Penitentiary–Atwater, Atwater, CA, for Plaintiff–Appellant.

Robert I. Lester, Esq., USLA–Office of the U.S. Attorney, Civil Division, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Gust Marion Janis appeals from the district court's judgment dismissing his complaint for failure to exhaust. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse and remand for further proceedings consistent with this opinion.

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Janis, an inmate in the United States Penitentiary at Lompoc, brought this *Bivens* action alleging numerous claims against various prison officials. After having obtained an extension of the deadline to respond to Janis's complaint from February 25 until April 8, 2002, defendants, on April 11, filed a motion for summary judgment, supported by the 128–page declaration of Nellie T. Klein, Supervisory Attorney at the United States Penitentiary in Lompoc, California. The motion was noticed for May 6. On that day, Janis lodged his Ex Parte Application for Extension of Time to File an Opposition to Defendants' Motion for Summary Judgment and for Order Postponing Defendants' Motion for Summary Judgment until Discovery has been Completed. Janis attached his own twelve-page declaration outlining the following factors in support of a continuance: (1) Janis's access to the prison library was severely restricted; (2) the prison library did not possess a readable copy of the relevant code, Title 28 of the Code of Federal Regulations, at the time Janis requested it, and library officials told Janis that they would be unable to obtain a new copy for six to nine weeks; (3) Janis needed to conduct discovery to show that he had exhausted all of his administrative remedies, but that discovery could not commence until a discovery conference took place pursuant to Federal Rules of Civil Procedure 26(d) and (f); and (4) discovery was hindered by Bureau of Prisons ("BOP") policy which, according to Janis's declaration, bars employees of the prison from providing affidavits to inmates.

The district court denied Janis's application, noting:

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This appears to be an opposition and it appears plaintiff has not exhausted his remedies in the prison system.

The court gave no other reason for its action and made no reference to the matters stated in Janis's declaration. It then entered judgment for defendants upon finding that "Janis did not exhaust all of his claims pursuant to the BOP's administrative remedies program before filing the complaint in this action."

## DISCUSSION

### I. DENIAL OF THE CONTINUANCE

The district court has considerable latitude in granting or denying a continuance. *United States v. Pope,* 841 F.2d 954, 956 (9th Cir.1988). Normally, we review a district court's denial of a motion for a continuance for an abuse of discretion. *United States v. Garrett,* 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc). But where, as here, the court provided no reason for denying the continuance, erroneously construed Janis's motion as an opposition to summary judgment and denied that motion on the merits, it cannot be said to have exercised its discretion with regard to the request for a continuance. *Cf. Garrett v. San Francisco,* 818 F.2d 1515, 1518–19 (9th Cir.1987) (holding that a district court failed to exercise its discretion when it denied a Rule 56(f) motion to continue summary judgment proceedings as "moot" after first granting the summary judgment motion). "Because the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to de novo review." *First Pac. Bank v. Gilleran,* 40 F.3d 1023, 1027 (9th Cir.1994) (quoting *Garrett,* 818 F.2d at 1518 n. 3).

Four factors guide our case-specific review: (1) Janis's diligence in preparing his opposition prior to the hearing date; (2) whether the continuance would have satisfied his needs; (3) the inconvenience a continuance would have caused the court and the government; and (4) "the extent to which [Janis] might have suffered harm as a result of the district court's denial." *United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000) (quoting *United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.), *amended by* 764 F.2d 675 (9th Cir.1985)). Janis's declaration made a substantial showing why the conditions of his incarceration prevented timely compliance with court deadlines. There is no indication here of lack of diligence, or that granting the continuance would have inconvenienced the court or the parties, while its denial plainly resulted in prejudice to Janis. We therefore find the denial improper.

The government contends that the district court denied the request for a continuance as untimely filed. Even if this was the reason, the denial would have been an abuse of discretion. " '[S]trict time limits ... ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir.1987) (quoting *Tarantino v. Eggers,* 380 F.2d 465, 468 (9th Cir.1967)).

### II. FAILURE TO EXHAUST

Because this case must be remanded for further proceedings, we offer the following guidance for the district court and the parties. We have held that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated [Federal Rule of Civil Procedure] Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). The appropriate procedure for raising the failure-to-exhaust defense un-

der 42 U.S.C. § 1997e(a), therefore, is by a Rule 12(b) motion to dismiss. *Id.*

The judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

REVERSED and REMANDED.