**Norma RODRIGUEZ, Plaintiff—Appellant,**

v.

**PIERCE COUNTY, a municipal corporation and local political subdivision of the State of Washington, Defendant—Appellee.**

No. 06–35640.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed Feb. 15, 2008.

Timothy M. Greene, Esq., Greene & Lloyd, PLLC, Puyallup, WA, for Plaintiff–Appellant.

Donna Y. Masumoto, Pierce County Prosecuting Attorneys Office Civil Division, Tacoma, WA, for Defendant–Appellee.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

### MEMORANDUM *

Appellant Norma Rodriguez ("Rodriguez") appeals from a jury verdict in favor of her former employer, Pierce County ("County"), on her claims of employment discrimination under Title VII and Washington state law. We have jurisdiction under 28 U.S.C. §§ 1331 and 1291 and we affirm.

### 1. Failure to Exclude Evidence

The district court did not abuse its discretion in denying Rodriguez's motion in limine to exclude reference to the Moris Report. See Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004). Rodriguez does not dispute that she had a copy of the report before she made her motion, or that the County ultimately disclosed to her all of the underlying documentation. Rodriguez did not thereafter move for sanctions for the County's allegedly belated disclosure, and the district court did not abuse its discretion by failing to impose sanctions sua sponte. See Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1010 (9th Cir.2004). More significantly, even if the County failed to provide the documents and information in a timely fashion, Rodriguez has not shown that the County's "failure to provide documents and information in a timely fashion prejudiced" her, because the County neither called Moris to testify nor introduced the Moris Report or its underlying documentation into evidence. See Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir.1997).

### 2. Motion for Trial Continuance

The district court also did not err in denying Rodriguez's motion to continue so that she could obtain an expert witness to rebut Moris' expected testimony. The trial court's denial of a continuance is "given great deference, 'and will not be disturbed on appeal absent clear abuse of [the court's] discretion.'" Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (alteration in original) (quoting United States v. Flynt, 756 F.2d 1352, 1358 (9th

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.), amended, 764 F.2d 675 (9th Cir. 1985)). "To meet this burden, the challenging party must meet a four-part test, the fourth (and mandatory) element of which requires a demonstration of prejudice." *Id.* Rodriguez has failed to demonstrate such prejudice. Although both sides elicited testimony regarding the Moris Report, the County did not submit the report into evidence nor did it call Kristina Moris as a witness.

### 3. Exclusion of Witnesses

The district court did not err in excluding the testimony of two of Rodriguez's witnesses, Carol Damron and Pierre Gautier, proffered in support of Rodriguez's First Amendment retaliation claim. Evidentiary rulings of this sort are reviewed for abuse of discretion and reversed only if prejudicial. *See Tritchler,* 358 F.3d at 1155. The district court dismissed Rodriguez's First Amendment retaliation claim in light of *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), and Rodriguez does not appeal that dismissal. At a minimum, therefore, Rodriguez cannot show prejudice.

### 4. Jury Instructions

Rodriguez's argument that the district court erred in formulating the jury instructions on her Title VII discrimination and retaliation claims under 42 U.S.C. §§ 2000e–2(a) & 2000e–3(a), also fails. "[W]e generally review the formulation of instructions for abuse of discretion, but whether an instruction misstates the law is a legal issue reviewed de novo." *Costa v. Desert Palace, Inc.,* 299 F.3d 838, 858 (9th Cir.2002) (en banc), *aff'd,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). "[P]rejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." *Gambini v. Total Renal*

*Care, Inc.,* 486 F.3d 1087, 1092 (9th Cir. 2007) (internal quotation marks omitted).

To succeed on a Title VII *discrimination* claim, the plaintiff must show that her employer has taken an adverse action that "materially affect[s] the compensation, terms, conditions, or privileges of the [plaintiff's] employment." *See Chuang v. Univ. of Cal. Davis, Bd. of Trustees,* 225 F.3d 1115, 1126 (9th Cir.2000). To succeed on a Title VII *retaliation* claim, the "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in … context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted); *see also Ray v. Henderson,* 217 F.3d 1234, 1242–43 (9th Cir.2000). Rodriguez has not shown that the district court either misstated the law or abused its discretion by defining an "adverse employment action" for purposes of her retaliation claim in a single instruction instead of two.

The district court also did not err in its definition of a "protected activity" for purposes of the retaliation claim. To succeed on a retaliation claim, the plaintiff need not show "that the employment practice [she opposes] actually [was] unlawful; opposition thereto is protected when it is based on a *reasonable belief* that the employer has engaged in an unlawful employment practice." *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 969 (9th Cir.2002) (emphasis in original) (internal quotation marks omitted). The district court's instruction stated both that Rodriguez need only "reasonably believe[ ]" that what she was opposing was an unlawful employment practice and that such opposition activity was protected "whether or not the charge is meritorious." Rodriguez has not shown

that this instruction misstated the law or constituted abuse of discretion.

**AFFIRMED.**