MEMORANDUM **
Appellant James C. Hayes (Hayes) appeals the district court’s denial of his pretrial motion to continue his trial until after his wife and alleged co-conspirator Murilda “Chris” Hayes (Mrs. Hayes) was sentenced.
The district court did not abuse its discretion in denying Hayes’s motion for a continuance. Although the motion identified Mrs. Hayes as the proposed witness, it did not indicate “what [her] testimony would be, that the testimony w[ould] be competent and relevant, [and] that [she could] probably be obtained if the continuance [was] granted ...” United States v. Smith, 790 F.2d 789, 796 (9th Cir.1986) (citation omitted).
Hayes was required to “show at a minimum that he ha[d] suffered prejudice as a result of the denial of his request.” United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985), as amended, 764 F.2d 675 (9th Cir.1985) (citations omitted). However, since he never established “the substance of [Mrs. Hayes’s] testimony,” United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), reversal is not warranted. See United States v. Mejia, 69 F.3d 309, 317 (9th Cir.1995) (“Reversal is not required ... where the complaining party is unable to explain how the denial of a continuance affected his ability to present his case.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.