

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT L. ROSE,

             Plaintiff - Appellant,

  v.

TOM SCOTT; EARL STRUEBECK;
JOHN HODGE; MONTANA
DEPARTMENT OF CORRECTIONS,

             Defendants - Appellees.

No. 06-35988

D.C. No. CV-04-00052-M-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 6, 2009
Portland, Oregon

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WOLLE,[**] Senior
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Charles R. Wolle, Senior United States District Judge
for the Southern District of Iowa, sitting by designation.

Robert Rose appeals from the district court's entry of summary judgment dismissing his 42 U.S.C. § 1983 action. Proceeding *pro se*, he alleged that defendants Strubeck and Hodge, two Montana probation officers, subjected him to probation conditions that were unauthorized and improper, damaging him in several respects. The facts are known to the parties and are not repeated here, except as necessary to explain our decision that affirms the district court's grant of summary judgment. Rose has not appealed the district court's dismissal of his claims against defendants Tom Scott and Montana Department of Corrections, rulings grounded in prosecutorial immunity and the Eleventh Amendment to the U.S. Constitution.

We read liberally Rose's complaint and other papers he filed in the district court, affording him as an incarcerated *pro se* civil rights plaintiff the benefit of any doubt. *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988). We find no merit, however, in the several grounds he asserts for reversing the district court's well-reasoned summary judgment ruling.

Rose's lawsuit filed on November 3, 2003, alleged that Strubeck and Hodge, in supervising him, knew they were enforcing conditions of probation regarding drug and alcohol use that the Montana sentencing court had not imposed. He contended they subjected him to unlawful arrest and imprisonment, deprived him

of a timely preliminary hearing in a Montana state court, and committed acts constituting denial of due process, malicious prosecution, libel, and conspiracy against him. The district court granted defendants' summary judgment motion because Rose, presented no reliable evidence that either Strubeck or Hodge had known the probation conditions they enforced against him  had not been authorized by the Montana judge who had sentenced him in 1995.

Our review of the grant of summary judgment is *de novo*.  *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).  We review for abuse of discretion both the magistrate judge's decision to deny Rose's request for additional discovery, *see Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987), and the district court's decision to deny his request for additional time to object to the magistrate judge's findings and recommendation, *United States v. Flynt*, 756 F.2d 1352, 1358, *amended by* 764 F.2d 675 (9th Cir. 1985). We first address the substantive issues concerning each of Rose's pleaded claims, then the several procedural issues Rose presents in his appeal.

I

Rose pleaded that Hodge and Strubeck intentionally caused him to be subjected to unauthorized probation conditions, leading to Due Process violations consisting of deprivation of liberty and deliberate indifference to his constitutional

rights.  The district court found Rose presented no reliable evidence for this claim.  We agree.  Rose gave vague deposition testimony in 2005 that he had disputed his probation conditions with Hodge before his 2001 arrests.   But this testimony contradicted Rose's testimony at his 2001 revocation hearing that he had not discussed his probation terms with Hodge.  Rose's 2001 testimony was consistent with the affidavits Hodge and Strubeck presented.   The district court correctly held Rose's 2005 testimony was a sham insufficient to create a genuine fact issue about whether Hodge knew the probation conditions were unauthorized.  *See Nunez v. City of Los Angeles*, 147 F.3d 867, 870–71 (9th Cir. 1998) ("[Plaintiff's] own words betray him."); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

Rose contends that Strubeck is also liable because he demonstrated indifference to Rose's rights by failing properly to supervise Hodge.  We disagree.  Principles of *respondeat superior* do not apply to section 1983 suits, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–49 (2009); therefore, Strubeck is not liable for Hodge's actions.  Rose also argues that Strubeck is liable because he failed to train his subordinates to recognize improper probation conditions.  This argument fails because Rose has provided no evidence that Strubeck had any reason to believe

4

that the probation conditions supplied to his subordinates might sometimes be improper. Thus, we conclude that the district court properly dismissed this claim.

Rose pleaded that Strubeck and Hodge failed to provide him a preliminary hearing until 121 days after his arrest for probation violations. But the district court correctly held that Rose never requested a hearing and neither officer had a duty to provide him a preliminary hearing before the revocation hearing itself. A 121-day delay in providing a preliminary hearing does not in itself violate the U.S. Constitution. *See United States v. Santana*, 526 F.3d 1257, 1259–61 (9th Cir. 2008).

Rose pleaded that Strubeck and Hodge libeled him by providing incorrect information about his arrest to a local newspaper. No evidence in the record suggests either officer provided any information to media reporters.

Rose pleaded that the conduct of Strubeck and Hodge constituted malicious prosecution and conspiracy to harm him. These claims are also without merit because Rose presented no evidence that either officer intentionally engaged in conduct that would be actionable.

II

Rose faults the district court for denying him adequate time to conduct discovery so he could file an adequate, fact-based response to the summary

5

judgment motion. But the record demonstrates Rose had twenty-seven months to engage in discovery after filing his lawsuit, including four months after defendants served their summary judgment motion. Moreover, after a magistrate judge recommended that summary judgment be granted, Rose knew that timely objections were needed, requested and received an extension of time to file them, and then filed a detailed brief and affidavit opposing summary judgment as well as a motion to strike affidavits that defendants had presented with their motion. We review for abuse of discretion the decisions that denied Rose's requests for more discovery and more time to prepare his resistance.

Rose contends that as a *pro se* prisoner he was entitled to written notice of the meaning and consequences of summary judgment, relying on *Rand v. Rowland*, 154 F.3d 952, 957–58, 960–61 (9th Cir. 1998), and its progeny. The record discloses, however, that Rose was well aware of the defendants' factual and legal basis for defeating his claims against them. Rose knew summary judgment could end his lawsuit and knew he was obligated to file an evidence-based response. Rose filed an extensive response to the defendants' summary judgment motions, elaborately explaining his reasons for believing he was entitled to a jury trial. The district court did not abuse its discretion in providing Rose no more information about what summary judgment entailed, no more time to do discovery, and no

6

more time to respond to the defendants' well-documented motions for summary judgment. Therefore, the district court's grant of summary judgment for defendants is

**AFFIRMED**.