**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4712**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MONWAZEE RAYMOND BOSTON,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-mc-00131-RJC-1)

─────────

Submitted: July 29, 2013       Decided: September 10, 2013

─────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monwazee Raymond Boston appeals the district court's order finding him in contempt of court and imposing a five-month-plus-twenty-day sentence. He challenges the court's exercise of its summary authority. Finding no abuse of discretion, we affirm.

Boston was called to testify during the trial of three known associates. After the oath was administered, Boston stated, "I ain't got nothing to say today." The court directed him to answer the question and had the oath repeated. Boston agreed to the oath. After answering questions about his name and residence, Boston was asked if he knew one of the defendants. Boston responded that he did. When asked how he knew the defendant, Boston provided a vague answer and then asserted the Fifth Amendment privilege in response to all other questions.

The district court instructed Boston to answer the questions and informed him that he had been granted immunity for the charges about which he was being asked to testify. The court explained, "You must answer questions in that area."

The prosecutor resumed questioning, to which Boston replied by again invoking the Fifth Amendment. The court advised Boston that he could not plead the Fifth; he must answer the question. After the question was repeated, Boston again

2

stated, "I plead the Fifth." The court ordered Boston removed from the courtroom, stating he would deal with the contempt issue later.

During the subsequent show cause hearing, Boston explained his testimony by stating that he felt "something sinister" was behind his being compelled to testify and that he thought the prosecutor was "up to something." Boston had previously informed the prosecutor that he did not want to testify. He stated that the prosecutor had offered him a break on his sentence for testifying, and also threatened him prior to him being called to testify. The court informed Boston that the show cause hearing was being held because Boston refused to answer questions after the court informed him that he was granted immunity and was required to answer. The court reasoned, "There's nothing sinister at all about a court directing you to answer and about your refusal to do so." The court noted that he personally observed Boston's "defiant demeanor, his contemptuous refusal to comply with the directives of the Court," and sentenced him to five months and twenty days for contempt of the court, to run consecutive to any other term of imprisonment.

On appeal, Boston challenges the district court's exercise of its summary contempt authority, asserting that he should have been allowed to consult with an attorney and that it

3

is not clear that Boston understood the terms used by the court or that he had been granted immunity.

This court reviews for an abuse of discretion the district court's decision to invoke summary contempt authority. United States v. Wilson, 421 U.S. 309, 319 (1975). Rule 42(b) provides that "the court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies." Fed. R. Crim. P. 42(b). Rule 42(b) does not require the appointment of an attorney; rather, it authorizes the court to invoke summary procedures when contumacious behavior is seen or heard by judge and committed in the actual presence of court. United States v. Vague, 697 F.2d 805 (7th Cir. 1983); United States v. Flynt, 756 F.2d 1352 (9th Cir. 1985), amended, 764 F.2d 675.

Although Boston asserts a lack of understanding, no such confusion is evident on the record. Rather, when given an opportunity, Boston did not ask for clarification; nor did he express any confusion or lack of understanding. We find no abuse of discretion by the district court in summarily finding Boston in contempt. See Wilson, 421 U.S. at 310 (holding summary contempt appropriate "when a witness who has been granted immunity, refuses on Fifth Amendment grounds to testify"); In re Scott, 605 F.2d 736 (4th Cir. 1979) (upholding summary contempt disposition where witness refused to testify

4

despite grant of immunity and district court's order that he testify). Accordingly, we affirm the district court's order of contempt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED