**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMSHID S. KASHANNEJAD, | No. 13-16112 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02228-EMC |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jamshid S. Kashannejad, a native and citizen of Iran, appeals pro se from the

district court's summary judgment in his action seeking re-entry into the United

States.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo cross

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motions for summary judgment, *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and decide ripeness de novo, *Natural Res. Def. Council v. Abraham*, 388 F.3d 701, 704-705 (9th Cir. 2004). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court did not err in granting in part appellees' cross motion for summary judgment, because Kashannejad's challenges concerning whether 8 C.F.R. § 245a.2(u)(2)(ii) could be applied to him were not ripe for review where the regulation has not been applied to him and it is only speculative that it might be applied to him in the future. *See Natural Res. Def. Council*, 388 F.3d at 705 (to determine whether a petition is ripe for review the court evaluates the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration).

Denial of Kashannejad's motion for reconsideration under Local Rule 7-9 was not an abuse of discretion because Kashannejad did not set forth sufficient grounds for reconsideration. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395-96 (9th Cir. 1993) (reviewing application of local rules for abuse of discretion).

The district court did not abuse its discretion in denying Kashannejad's motion for a continuance prior to closing his case and discharging the appellees of

their obligation to assist him in re-entering the United States, where Kashannejad did not seek permission to leave from Iranian authorities until days before his scheduled departure. *See U.S. v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985) (salient factors for evaluating the denial of a continuance include: petitioner's diligence; likelihood that the need for the continuance could have been met if the continuance was granted; inconvenience to the court and opposing party; and prejudice).

We do not consider Kashannejad's contention, raised for the first time on appeal, that appellees lack the legal authority to allow him to re-enter the United States using the travel letter that they gave him. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

We reject Kashannejad's contention that under *Vartelas v. Holder*, 132 S.Ct. 1479 (2012), 8 C.F.R. § 245a.2(u)(2)(ii) cannot be applied to him, and his contention that 8 C.F.R. § 245a.2(u)(2)(ii) is ultra vires, as these claims are not ripe for review where the regulation has not been applied to him and it is speculative that it will be applied to him. *See Natural Res. Def. Council*, 388 F.3d at 705.

We also reject Kashannejad's contention that he is entitled to either an I-688 or I-766 identification card.

**AFFIRMED**.