**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMMY ZAMARO,

         Plaintiff-Appellant,

v.

R. MOONGA and JONATHAN E. AKANNO, MD,

         Defendants-Appellees.

No.   14-15518

D.C. No. 1:09-cv-00580-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and KOZINSKI, Circuit Judges.

Sammy Zamaro appeals from the district court's judgment entered in favor

of prison medical personnel following a jury trial. Zamaro contends that the

district court abused its discretion by failing to request appointed counsel or to

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

grant a continuance, and that the district court erred in responding to a jury question. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

First, we review for an abuse of discretion the district court's denial of a motion for request of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). There is no constitutional right to appointed counsel in a section 1983 action. *Rand v. Rowland*, 113 F.2d 1520, 1525 (9th Cir. 1997), *withdrawn in part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). A district court "may request" an attorney for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-801 (9th Cir. 1986). To determine whether exceptional circumstances exist, the court evaluates both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Zamaro did not meet his burden to show that the district court abused its discretion in failing to request counsel for an indigent civil litigant under the provisions of 28 U.S.C. § 1915(e)(1). Leading up to trial, Zamaro filed several motions for appointment of counsel, contending he lacked adequate knowledge of the complex legal and medical issues and was unable to litigate his case

2

meaningfully. The magistrate judge denied the motions, concluding that Zamaro's situation was not exceptional in light of the legal competence of most prisoners in similar situations, and that he was able to articulate his claims adequately. Although "a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case," the need for discovery does not render the legal complexity of a case extraordinary. *Wilborn*, 789 F.2d at 1331.

Although Zamaro requested appointed counsel based on the complex medical issues involved, the jury found in his favor that he did in fact suffer from a serious medical need, so it appears that his *pro se* representation on that issue was sufficient to succeed on the merits. The district court did not abuse its discretion in declining to request counsel for Zamaro.

Second, we review for abuse of discretion the district court's denial of Zamaro's motion for a continuance on the first day of trial in order to receive his legal work product left in his prison cell and at his previous prison location. The basis for the magistrate judge's decision meets our standard for consideration of a motion for continuance. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended by* 764 F.2d 675. The defendants, expert witnesses, and the jury were all present, and a 30-day continuance would cause great cost and inconvenience to the court, jury, and parties. The defense provided a copy of the

3

medical exhibits and other documents to Zamaro to review and use during the trial.

Further, the moving party must be able to demonstrate at a minimum that prejudice resulted from the denial of a continuance, *Armant v. Marquez*, 772 F.2d 552, 556-57 (9th Cir. 1985), and in this case Zamaro prevailed on the question of whether he suffered from a serious medical need. Zamaro has not shown that if he had had his trial notes, left behind in his cell, the jury would have reached a different verdict.

Third, Zamaro contends that the district court erred in responding to a jury question regarding the set time frame during which Zamaro suffered from a serious medical need. We review a civil jury instruction for prejudicial error by looking to the instructions as a whole to determine whether the substance of the applicable law was "fairly and correctly covered." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001). Any assumed error is harmless when it is probable "that the jury would have reached the same verdict had it been properly instructed." *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (internal quotations omitted).

Without determining whether an error occurred, we hold that any assumed error was not prejudicial. Zamaro was given an opportunity to object to the instruction and did not do so. Further, the jury found in his favor on the issue of whether a serious medical need existed, and at trial Zamaro did not allege that

4

indifferent medical care continued beyond the time frame identified in the jury instruction.

**AFFIRMED.**