FILED

**NOT FOR PUBLICATION**

FEB 28 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CHRISTOPHER JAMES BLAUVELT, AKA Christopher Blauvelt, Defendant-Appellant. | Nos.   15-50059 15-50206 D.C. No. 2:14-cr-00282-R-2 MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID PRITCHARD, Defendant-Appellant. | No.   15-50066 D.C. No. 2:14-cr-00282-R-1 |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 14, 2017
Pasadena, California

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Following a jury trial, David Pritchard and Christopher Blauvelt appeal their convictions and sentences for mail fraud, wire fraud, and the sale of unregistered securities. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

**1.** The evidence supporting Pritchard's convictions far exceeds the quantum that a rational trier of fact would find sufficient to convict. *See United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011). With respect to Pritchard's fraud convictions, the government presented sufficient evidence that he intended to defraud and knowingly participated in a scheme to defraud. *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). The evidence showed Pritchard knew of, and allowed telemarketers to make, material misrepresentations. The evidence also showed Pritchard made misrepresentations to, and omitted material facts from, potential and existing investors through phone conversations, in-person meetings, and investor newsletters.

Concerning the securities violations, the government presented sufficient evidence to show Pritchard knew the securities were unregistered and willfully sold them. Pritchard knew of the cease and desist orders, deduced that the company was selling unregistered securities, agreed to hide the regulatory problems from investors, and allowed the company to continue selling unregistered securities.

2

**2.** The district court did not abuse its discretion in ruling on Defendants' requests for continuances. *See United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir.), *amended by* 764 F.2d 675 (9th Cir. 1985).

First, the district court did not abuse its discretion when it granted Pritchard's requested continuance only in part. Although Pritchard blames the volume of discovery for his failure to find exculpatory evidence, the vast majority of the documents were nearly identical forms, and the allegedly exculpatory documents were in his own possession. Pritchard also did not carry his burden to show that a few more weeks would likely have helped the situation, and the inconvenience that a longer continuance would have imposed on the court and other parties was significant. Finally, Pritchard fails to show actual prejudice or demonstrate how any specific documents would be likely to have changed the result. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011).

Second, the district court did not abuse its discretion when it denied Blauvelt's request to continue trial for one day. Because the district court ordered Pritchard to present his defense first, Blauvelt actually had more time before his presentation than he requested from the district court. Therefore, Blauvelt cannot show prejudice from the denial, which is fatal to his argument. *See id.*

**3.** Defendants argue they were denied a fair trial because of (1) certain evidentiary rulings, (2) the government's statements in closing argument, and (3)

the manner in which the district court conducted the trial. These allegations did not individually, or in combination, result in an unfair trial.

First, Defendants identify only one objection at trial to the government's leading questions. Given our deferential standard of review on such rulings, *see United States v. Archdale*, 229 F.3d 861, 865 (9th Cir. 2000), we cannot say on this record that the district court abused its discretion by allowing these questions. The district court also did not commit plain error by allowing Walker's lay opinion testimony about the film industry, which was based on his understandings and experiences from working in that industry. *See United States v. Simas*, 937 F.2d 459, 464 (9th Cir. 1991). Furthermore, we find no reversible error in the district court's evidentiary rulings regarding Blauvelt's (1) connection to Gigapix's background check; (2) unpaid taxes; and (3) drinking, drug use, and attending strip clubs. *See United States v. Ramirez*, 537 F.3d 1075, 1086–87 (9th Cir. 2008).

Second, reviewing for plain error, the government's statements in closing argument did not amount to misconduct and did not prejudice Defendants. There was ample evidence in the record to support the government's reasonable inference that Pritchard knew the Gigapix and OZ3D investments were unlikely to be profitable. Moreover, to the extent the challenged statements were inaccurate, the record does not suggest they were anything other than "inadvertent mistakes." *See United States v. Lloyd*, 807 F.3d 1128, 1167–68 (9th Cir. 2015).

4

Third, the district court's conduct during the proceedings did not result in an unfair trial. None of the challenged circumstances, singly or cumulatively, leave us with "an abiding impression that the jury perceived an appearance of advocacy or partiality." *United States v. Marks*, 530 F.3d 799, 806 (9th Cir. 2008); *see also United States v. Scott*, 642 F.3d 791, 799–800 (9th Cir. 2011) (per curiam).

**4.** Pritchard has not shown circumstances that justify an exception to our usual practice of reserving ineffective assistance of counsel claims for collateral review, after the record has been more fully developed.[1] *See United States v. McGowan*, 668 F.3d 601, 605–06 (9th Cir. 2012).

**5.** Because the facts proven at trial fell within the scheme alleged in the indictment—concentrating on Defendants' misrepresentations and omissions to defraud victims or obtain their money—the government's trial theory did not constructively amend, or materially vary from, the indictment. *See United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) (constructive amendment); *United States v. Bhagat*, 436 F.3d 1140, 1146–47 (9th Cir. 2006) (material variance).

**6.** The challenged jury instructions accurately stated the law. The first correctly instructed that the jury "may consider evidence of . . . a loss in determining whether the scheme existed." *See Farrell v. United States*, 321 F.2d

---

[1] Therefore, Pritchard's motion to take judicial notice, filed February 8, 2016, is DENIED as moot.

409, 419 (9th Cir. 1963); *United States v. Rasheed*, 663 F.2d 843, 850 (9th Cir. 1981). The second accurately instructed that "[a] defendant's belief in the ultimate success of a venture, even if that belief is honestly held, is not in itself a defense and does not justify or excuse knowingly making false or misleading statements or knowingly concealing material facts." *See United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009) ("[E]ven if [the defendant] genuinely believed his investment scheme would be profitable and would result in gains for his investors, he would still be guilty of securities fraud and mail fraud if he knowingly lied to investors about the risks associated with his plan.").

7.     In a mail or wire fraud conviction, the district court must "order restitution in the amount of the victim's actual loss," *United States v. Thomsen*, 830 F.3d 1049, 1065 (9th Cir. 2016); 18 U.S.C. § 3663A(a)(1)–(2), which the government must show by a preponderance of the evidence, *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). The FBI forensic accountant used a reasonably reliable method of calculating the victims' actual losses. However, the district court ordered Pritchard to pay $6 million less than Blauvelt. Blauvelt joined in Pritchard's restitution arguments, and the court provided no explanation for this substantial difference. Therefore, we vacate Pritchard's and Blauvelt's restitution orders and remand for the district court to explain or eliminate the disparity.

**AFFIRMED in part, VACATED and REMANDED in part.**